IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA FORD, *et al.*, | : |
|     Plaintiffs, | : |
| | : |
| v. | :    CIVIL ACTION NO. 22-CV-5059 |
| | : |
| JIM KENNEY, *et al.*, | : |
|     Defendants. | : |

## ORDER

AND NOW, this 19th day of January, 2023, upon consideration of Plaintiff Angela Ford and Shalayna Smith's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 2) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to add John McNesby as a Defendant in this case.

4. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons in the Court's Memorandum as follows:

    a. All claims brought by Ford and Smith in a representative capacity are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **TERMINATE** the following Plaintiffs from the docket: (1) Neim Battle; (2) Nikko Battle; and (3) Elgin Battle, Jr.

    b. All claims brought pursuant to 42 U.S.C. § 1983 against Defendant McNesby in his individual and official capacities are **DISMISSED WITH PREJUDICE**.

    c.  All claims against Defendants Mayor Jim Kenney and Police Commissioner Danielle Outlaw in their individual and official capacities based on a state-created danger theory and a failure to investigate are **DISMISSED WITH PREJUDICE**.

    c.  The Equal Protection Clause claim and the First Amendment retaliation claims brought pursuant to 42 U.S.C. § 1983 against Defendants Mayor Jim Kenney and Police Commissioner Danielle Outlaw in their individual and official capacities are **DISMISSED WITHOUT PREJUDICE**.

    d.  All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

  5.  Ford and Smith may file an amended complaint to attempt to cure the defects the Court has identified in their equal protection and retaliation claims and any associated official capacity claim within thirty (30) days of the date of this Order. They may also reassert their state law claims in an amended complaint if they reassert federal constitutional claims. Ford and Smith may not reassert Section 1983 claims against Defendant McNesby, or their state-created danger and failure to investigate claims. They may not reassert a claim in a representative capacity unless they retain counsel. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for the claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting their amended complaint, Ford and Smith should be mindful of the Court's reasons for dismissing the claims in their initial

Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.      The Clerk of Court is **DIRECTED** to send Ford and Smith a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  They may use this form to file her amended complaint if they choose to do so.[1]

7.      If Ford and Smith do not wish to amend their Complaint and instead intend to stand on the Complaint as originally pled, they may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

8. If Ford and Smith fail to file any response to this Order, the Court will conclude that they intend to stand on their Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/S/WENDY BEETLESTONE, J.

**WENDY BEETLESTONE, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).